UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARMAN SADEGHPOUR | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2744 |
| TETSUO NAKAMOTO, ET AL. | * | SECTION "C" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Arman Sadeghpour's motion to compel discovery from Defendants. ECF No. 33. Defendants Alexander Falster and William Simmons, Jr. filed an Opposition Memorandum, and Defendant Tetsuo Nakamoto joined in that Opposition and filed his own Supplemental Opposition. ECF Nos. 44-46, 48. Plaintiff filed a Reply Memorandum. ECF No. 56. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.    **BACKGROUND**

Plaintiff Arman Sadeghpour filed this copyright infringement suit alleging that Defendants Tetsuo Nakamoto, Alexander Falster, and William Simmons, Jr., his former mentors and business partners, removed him from their business and later authored an article about Plaintiff's research, infringing upon his copyrighted doctoral thesis and using same to further their commercial interests. ECF No. 1 ¶¶ 8-18, 71-84. After answering, Defendants filed a Rule 12(b)(6), or alternatively Rule 12(c) motion, which is scheduled for submission on August 5, 2026. ECF Nos. 11, 12, 35, 35-3.

1

Plaintiff issued discovery, and Defendants answered on March 3, 2026, and supplemented the responses on March 16, 2026.  ECF Nos. 33-2, 33-3, 33-4, 44 at 2-3, 44-5, 44-6, 44-7.  Plaintiff now files this motion to compel asserting that Defendants failed to answer or produce documents due to frivolous objections, evasive responses, improper invocation of privilege, and lack of a privilege log.  ECF No. 33.  Specifically, Defendants responded to Interrogatory Nos. 3 and 5 and Requests for Production Nos. 2 through 15 with general, boilerplate objections (irrelevant, overly broad, unduly burdensome, and work product) and Requests for Production Nos. 16 through 25 on the bases that discovery is ongoing and incomplete but subject to same and all documents have been previously produced.  ECF No. 33-1 at 2-3, 6-10.  Plaintiff disputes the assertion that the minimal initial disclosure production encompasses all responsive documents.  *Id.* at 3.

In Opposition, Defendants Falster and Simmons assert that Plaintiff did not conduct a proper meet and confer, failed to identify specific deficiencies, and Defendants supplemented their responses but cannot produce documents that do not exist.  ECF No. 44 at 1.  Defendants assert that, in a phone call, Plaintiff raised concerns with Requests for Production Nos. 2 and 15 only, not Interrogatory Nos. 3 through 5, and Plaintiff's subsequent email is insufficient for a proper Rule 37 conference.  *Id.* at 3-8.  Defendants assert that their objections were proper, and they cannot produce documents that do not exist.  *Id.* at 8-10.  As to Interrogatory No. 5, Defendants argue that the answer is responsive, but simply not to Plaintiff's liking, and the answer to Interrogatory No. 3 was responsive other than the portions to which they objected based on overbreadth and relevance.  *Id.* at 10-11.

Defendant Nakamoto incorporates the other Defendants' response and further asserts that he provided supplemental responses, and in any event, Interrogatory Nos. 3 and 5 seek information about the process of writing the 2021 article, which he argues is irrelevant to whether it infringed

2

on Plaintiff's work.  ECF No. 46 at 1-3.  He argues that he has produced responsive documents and cannot produce documents that do not exist.  *Id.* at 3-4.  Alternatively, he asks that ruling on the motion to compel be deferred until after resolution of the pending motion to dismiss/judgment of the pleadings.  *Id.* at 4.

In Reply, Plaintiff argues that he conducted a proper meet and confer with Defendants Simmons and Falster and attempted to meet and confer in good faith with Defendant Nakamoto, that their assertions of no responsive documents are false, that the former's interrogatory responses are vague, and that the latter's request for a deferral is without legal basis and should be denied. ECF No. 56 at 1-5.

## II.    APPLICABLE LAW

### A.  Discovery is Not Automatically Stayed by a Pending Rule 12 Motion

Defendant Nakomoto asks to delay this motion until after resolution of the pending motion to dismiss.  This request is effectively a request to stay discovery.  However, no federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a motion to dismiss.[1]  Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss:  "[H]ad the Federal Rules contemplated that a motion to dismiss under FED. R. CIV. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."[2]

As a matter of federal procedure, the request to stay discovery is considered a motion for protective order under Rule 26(c)(1)(A)-(B).  Good cause may exist when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue

---

[1] *See, e.g.*, *Escareno ex rel. A.E. v. Lundbeck, LLC,* No. 14-257, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("[A] motion to dismiss does not automatically stay discovery . . . until the motion is resolved." (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 08-774, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).  In fact, a stay of discovery pending resolution of a motion to dismiss is the "exception rather than the rule." *Id.* (quoting *Glazer's Wholesale Drug Co.*, 2008 WL 2930482, at *1).
[2] *Valenzuela v. Crest-Mex Corp.*, No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (citation omitted).

burden or expensive" absent a stay.[3]  Courts are accorded the discretion to stay discovery where the disposition of a motion to dismiss might preclude the need for discovery entirely.[4]  In determining whether a stay of discovery is appropriate, courts are to balance any harm produced by a stay against the possibility that a motion to dismiss would be granted and eliminate the need for any discovery.[5]  As such, the movant must establish good cause to support issuance of a protective order, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[6]

A stay of discovery while dispositive motions are pending is more the exception than the rule.[7]  Although the exception, courts have issued protective orders to stay discovery pending disposition of a motion to dismiss and/or motion for summary judgment when the party seeking such protection proves its necessity,[8] such as when the dispositive motion raises a purely legal

---

[3] FED. R. CIV. P. 26(c)(1).

[4] *Your Preferred Printer, LLC v. United Wholesale, LLC*, No. 11-2954, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) (citation omitted) (holding that a stay is appropriate towards a defendant asserting fiduciary shield doctrine in a 12(b)(2) motion and the plaintiff has not demonstrated how it would suffer harm from a stay of discovery); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (recognizing that trial courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

[5] *Your Preferred Printer*, 2012 WL 2190853, at *2 (citing *Dresser v. MEBA Med. & Benefits Plan*, No. 08-2662, 2008 WL 2705584 (E.D. La. July 10, 2008)).

[6] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also United States v. Talco Contractors, Inc.*, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").  "The Court does have discretion to stay discovery 'for good cause shown.'" *Escareno*, 2014 WL 1976867, at *1 (quoting FED. R. CIV. P. 26(c)(1); and citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).  Given the Court's "broad discretion to manage the conduct of discovery, . . . [n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).

[7] *Notariano v. Tangipahoa Par. Sch. Bd.*, No. 16-17832, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citation omitted); *Griffin v. Am. Zurich Ins. Co.*, No. 14-2470, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (Ramirez, M.J.) (citation omitted) (staying discovery while a motion to dismiss is pending "is the exception rather than the rule").

[8] *See e.g.*, *Dresser*, 2008 WL 2705584, at *2 (citing *Aguirre v. Nueces County*, 217 F. App'x 348, 349 (5th Cir. 2007) (stating a temporary stay of discovery did not amount to an abuse of discretion as a "plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law").

issue.[9]   But a stay of discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual basis to defend against the dispositive motion.[10]

Nakamoto has failed to particularly and specifically demonstrate good cause as necessary to establish that a protective order staying discovery is appropriate in this case.  Accordingly, the request to delay resolution of this motion until after a decision on the pending motion to dismiss is denied.

### B.  Scope of Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes the parties to

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Information need not be admissible into evidence to be discoverable.[11]   Rather, information merely needs to be ***proportional*** and ***relevant*** to any claim or defense.[12]   The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party

---

[9] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (citing *Brazos Valley Coal. for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005)) (finding no abuse of discretion to stay discovery where dispositive motion raised issue of law); *see also Landry*, 901 F.2d at 435-36 (affirming trial court's stay of discovery pending resolution of summary judgment motion where issues raised were purely legal and discovery would not aid their resolution); *Fed. Ins. Co. v. N.H. Ins. Co.*, No. 03-385, 2010 WL 1757932, at *3 (M.D. La. Apr. 30, 2010) (staying discovery in coverage dispute where pending motion raised only legal issue).

[10] *Bickford v. Boerne Indep. Sch. Dist.*, No. 15-1146, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016).

[11] FED. R. CIV. P. 26(b)(1).

[12] *Id.*

claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."[13]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[14] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[15] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial; facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[16] At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[17] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[18]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[19] discovery does have "ultimate and necessary boundaries."[20] The parties and the court have a collective responsibility to ensure that discovery is proportional, and Rule 26(b)(2)(C) *mandates* that the Court limit the frequency or extent of discovery otherwise allowed, if it determines:

---

[13] FED. R. CIV. P. 26(b)(1) advisory committee's notes to 2015 amendment.

[14] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).

[15] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

[16] *Id.* at 590 n.5 (citation modified).

[17] *Id.* at 590 (citations modified).

[18] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[19] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).

[20] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

"The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."[21]

### 1. Duties in Responding to Interrogatories and Requests for Production

Both Rules 33 and 34 require a party to serve responses within 30 days of service, absent court order or stipulation. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[22]

"Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[23] Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[24] The fact that an interrogatory calls for a thorough response—one that will take time and effort to

---

[21] FED. R. CIV. P. 26(b)(1) advisory committee's notes to 2015 amendment.
[22] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[23] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).
[24] *Lopez*, 327 F.R.D. at 579 (citing 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2174 (3d ed. 2013)).

answer—does not make it improper.[25]  Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[26]

Likewise, a party responding to requests for production must produce responsive documents within that party's actual or constructive possession, custody or control, which production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."  FED. R. CIV. P. 34(a)(1), (b)(2)(B).  A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[27]  Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party that the party can reasonably obtain the requested information from upon request fall within that party's custody or control.[28]  The burden is on the party seeking discovery to show that the other party has control over the material sought.[29]  To establish control over documents in the possession of a non-party, the movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain

---

[25] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973)).

[26] *Id.* (citation modified) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11-542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2177 (3d ed. 2010))).

[27] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[28] *Becnel*, 2018 WL 691649, at *3 (noting that control extends to materials over which the subject party has the legal right to obtain even though she has no copy (citing cases)); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (finding materials provided to consultants within that party's possession, custody, or control (citing cases)).

[29] *Washington-St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

documents by the non-party person or entity in actual possession."[30]   The key is whether the responding party could come into possession of the requested document upon reasonable inquiry.[31]

Documents must be produced as maintained in the usual course of business or organized and labelled to correspond to the categories in the request.  FED. R. CIV. P. 34(b)(2)(E)(i).  This prohibits a party from producing a disorganized document dump, requiring the other party to laboriously comb through the documents to find what it requested.[32]   Thus, the producing party must turn over the documents in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which it was responsive or by delivering the documents in the business's ordinary filing system or other organizational structure that is intact and useable by the requesting party.[33]   When a party responds to an interrogatory by producing records in accordance with Rule 33(d), the referenced business records must be identified with specificity and sufficient detail, not merely by reference to the records *in toto*.[34]

The Court cannot, however, compel a party to produce documents that do not exist.[35] When an officer of the court represents that documents do not exist, courts may require a

---

[30] *S. Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).
[31] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).
[32] *Dodd v. Hendrickson USA, LLC*, 349 F.R.D. 286, 299 (W.D. Ky. 2025).
[33] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (Vance, J.) (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014)).
[34] *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2011 WL 765925, at *3 n.14 (M.D. La. Feb. 25, 2011) ("Rule 33(d)(1) requires that answers using the business records option must specify the records to be reviewed in enough detail so that the interrogating party can locate and identify them as easily as the responding party.  Thus, it is improper to direct the interrogating party to a mass of business records or offer to make all of the party's business records available." (citations omitted)).
[35] *Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

certification or "confirm[ation]" that the discovery at issue does not exist.[36]  A party's mere

disbelief or disagreement with a response is not a recognized ground for compelling discovery.[37]

The requesting party's belief or suspicion that the response is incomplete or incorrect must be

supported by evidence that the responding party's production is not complete.[38]  If the other party

has or acquires evidence that the response is incomplete or affidavit is false, other remedies may

be sought.[39]

### 2.  <u>Objections Must Be Stated With Specificity</u>

A party served with written discovery must fully answer each request to the full extent that

it is not objectionable and affirmatively explain what portion of an interrogatory or document

request is objectionable and why, affirmatively explain what portion of the interrogatory or

document request is not objectionable and the subject of the answer or response, and affirmatively

explain whether any responsive information or documents have been withheld.[40]  Likewise, for

each request for production, the respondent must either state that the inspection or production will

---

[36] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais*, No. 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

[37] *Tingle v. Hebert*, No. 15-626, 2018 WL 1726667, at *5 (M.D. La. Apr. 10, 2018) (noting that mere speculation that documents must exist is insufficient); *see also Gordon v. Greenville Indep. Sch. Dist.*, No. 13-178, 2014 WL 6603420, at *2 (N.D. Tex. Nov. 20, 2014) ("Although Plaintiff is not satisfied with this response, he fails to point to anything that suggests such reports actually exist. The Court cannot compel a [responding party] to produce documents that do not exist."); *McElwee v. Wallantas*, No. 03-172, 2005 WL 2346945, at *3 (S.D. Tex. Sept. 26, 2005) ("[T]he Court cannot order the Defendants to produce documentation that does not exist. Therefore, unless the Plaintiff can provide proof that the documents exist, rather than mere speculation, the Court will not entertain motions to compel the Defendants to produce documentation whose existence is nothing more than theoretical.").

[38] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (cleaned up).

[39] *Henderson v. Compdent of Tenn., Inc.*, No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

[40] *Lopez*, 327 F.R.D. at 580 (citation omitted).

be permitted or state with specificity the grounds for objecting to the request, including the reason. FED. R. CIV. P. 34(b)(2)(B).

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[41]   Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[42]   General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[43]   A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[44]

When objecting to a discovery request, the objection must state how the objection "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[45]   Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[46]

---

[41] *See Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond." (citation omitted)); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection").

[42] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case").  Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request.  *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[43] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[44] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (citation modified)).

[45] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation modified) (quoting *Reyes v. Red Gold, Inc.*, No. 05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).

[46] *Chevron*, 2015 WL 269051 at *3.

Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections.  Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[47] Indeed, when a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).[48] Objections interposed without also indicating whether any document or information is being withheld are improper.[49]

Defendants' objections to Interrogatory Nos. 3 and 5 and Requests for Production Nos. 2 through 15 are improper, boilerplate objections.  *See*  ECF No. 44-6 at 5-6, 9-12; No. 44-7 at 5-6, 9-12; No. 46-1 at 2-3, 5-9.  As to the interrogatories, Defendants repeatedly object on the basis of "overbreadth and irrelevance," yet they fail to provide any specific application of those objections to the particular interrogatory.  ECF No. 44-6 at 5-6; No. 44-7 at 5-6; No. 46-1 at 2-3.  And while the parties disagree whether Plaintiff's claim has any merit, that dispute does not shield a party from responding to discovery that may be relevant to any party's claim or defense.  Defendants also repeatedly preface their responses with the improper "subject to and without waiving" statement.  ECF No. 44-6 at 5-6; No. 44-7 at 5-6; No. 46-1 at 2-3.  This obfuscates the response

---

[47] *Heller v. City of Dallas*, 303 F.R.D. 466, 486-87 (N.D. Tex. 2014) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [, but the practice] 'manifestly confus[es] (at best) and mislead[s] (at worse)[] and has no basis at all in the Federal Rules of Civil Procedure.'" (citations omitted)).

[48] *Accord. Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex.), *objections overruled sub nom.*, *Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[49] *See Chevron*, 2015 WL 269051, at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

12

and renders the response ambiguous as it is unclear whether Defendants are fully responding or withholding certain information based on the asserted objections.

Further, Defendants' identical, repeated substantive response does not fully respond to the particular components of the interrogatories. For instance, Interrogatory No. 3 asks for information regarding "the creation of the Accused Work, including when it was written (including when it was commenced and when it was completed), where it was written, by whom it was written, their relationship to Defendant, and anything that was referred to during the creation of the Accused Work," and Interrogatory No. 5 asks for the identification of "all work papers, logs, notes, presentations, outlines, preliminary summaries, work plans, or the like relating to the creation of the Accused Work." ECF No. 44-6 at 5-6; No. 44-7 at 5-6; No. 46-1 at 2-3. Defendants' identical response to both questions (i.e., "[T]he alleged Accused Work was published in 2021, and the content contained therein is based on Defendant's experiments and work with his co-Defendants") does not specify when it written (i.e., started and finished), where it was written, by whom it was written, nor does it describe anything referred to during the creation of the work or workpapers, logs, notes, etc., which may or may not include materials that were not cited in the work. ECF No. 44-6 at 5-6; No. 44-7 at 5-6; *see* ECF No. 46-1 at 2-3. Thus, the response to Interrogatory Nos. 3 and 5 does not fully and completely respond to each interrogatory, as required.

Similarly, in response to the Requests for Production, Defendants respond "[s]ubject to and without waiving the foregoing objection," leaving Plaintiff in doubt as to whether or not Defendants have provided full and complete responses and produced all responsive documents other than those specified on a privilege log (as discussed in subsection B(3) *infra*). In addition to suffering from the same issues as Request for Production Nos. 2 through 15, Request for Production Nos. 16 through 25 also respond by providing "the following non-exclusive list of

documents." Plaintiff is entitled to a full and complete response that includes delivery of all non-privileged, responsive documents within Defendants' actual or constructive possession, custody or control, not merely a non-exclusive list of some of the responsive documents. Defendants will be required to provide supplemental responses to Interrogatory Nos. 3 and 5 and Requests for Production Nos. 2 through 15. The response must specifically indicate whether any responsive documents have been withheld.

Defendants Falster and Simmons claim documents responsive to Requests for Production Nos. 2 through 15 do not exist, and Defendant Nakamoto professes the same for Requests for Production Nos. 2-4, 7, 9, and 11-13 directed to him. ECF No. 44 at 9-10; No. 46-1 at 5-8. Many of these requests seek communications concerning the alleged infringing work at issue. *See* ECF No. 44-6 at 9-12 (RFP Nos. 3-4, 10-15); No. 44-7 at 9-12 (RFP Nos. 3-4, 10-15); No. 46-1 at 5-8 (RFP Nos. 3-4, 11-13). Defendants' assertions as to the non-existence of documents are discredited by the emails Plaintiff has provided. *See* ECF No. 56-1. Indeed, while Defendants assert that the communications Plaintiff seeks do not exist, Plaintiff has located some responsive communications, casting significant doubt as to the completeness and accuracy of the responses. *See id.* Defendants must supplement their responses and production for the requests they claim no responsive documents exist and provide responsive documents to the extent they actually do exist, in accordance with Rule 26(e)(1)(B). Given the concerns regarding Defendants' search efforts, their supplemental responses must attach a certification describing all efforts undertaken to locate any responsive documents as well as confirmation by both the client and counsel that, after such efforts, no additional responsive documents exist. The Court warns Defendants that they may face sanctions if they fail to produce responsive materials that should be located in a reasonable search effort.

Similarly, as to Requests for Production Nos. 16 through 25, the parties' dispute as to who owns the materials or ideas contained in the dissertation does not relieve Defendants of their obligation to produce the documents they rely on in support of their referenced affirmative defenses. Should Defendants later seek to rely on documents not previously produced, they may well face a motion in limine to preclude their use of same at trial.

### 3. Invocation of Privilege Requires Delivery of a Privilege Log

A responding party withholding information based on privilege "must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim.'"[50] It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[51]

When faced with either the absence of a privilege log or an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an *in camera* inspection of the withheld

---

[50] *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); and citing *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'" (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)))).

[51] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (emphasis omitted) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't*, No. 02-808, 2003 WL 21383332, at *4 (S.D. Ind. 2003); and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

15

documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[52] Most courts take a flexible approach, particularly when there is an insufficient privilege log but no evidence of bad faith, finding waiver only for flagrant or willful failures.[53]

Defendants have invoked client privilege in response to Request for Production Nos. 2 through 15.  The response does not indicate whether Defendants rely upon the attorney-client privilege, work product doctrine, or some other recognized privilege.  Further, the Defendants have not provided a privilege log setting forth a description of each document and its contents with sufficient information to permit courts and Plaintiff to test the merits of the invocation of privilege.  Given the absence of any showing of bad faith, the Court will permit Defendants a chance to submit a detailed privilege log.

## C. Rule 37 Motion and Request for Fees and Costs

If a party fails to respond timely to a discovery request, the party seeking discovery may move to compel responses under Rule 37.  FED. R. CIV. P. 37(a)(3)(B).  A Rule 37 motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.* at 37(a)(1).

Rule 37's "[c]onference requirements encourage resolving discovery disputes without judicial involvement.  Failure to confer or attempt to confer may result in unnecessary motions.  When the court must resolve a dispute that the parties themselves could have resolved, it must

---

[52] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (quoting *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307-08 (D.D.C. 2009)).
[53] *Id.* (citing *United States v. Brit. Am. Tobacco (Invs.) Ltd.*, 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

16

needlessly expend resources that it could better utilize elsewhere."[54]  The conference requirements are no "empty formality."[55]   Indeed, this Court requires certain matters be addressed during the Rule 37 conference, and that the certification reflect these discussions.[56]

The failure to engage in a proper meet and confer before filing a motion to compel constitutes sufficient reason in itself to deny a Rule 37 motion and/or any fees and costs associated with same.[57]

Given the apparent failure to engage in a fulsome meet and confer, the undersigned finds that other circumstances make an award of expenses unjust.

## III.   <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART as stated herein.   Defendants must deliver supplemental responses along with an appropriate privileged log within 21 days.

IT IS FURTHER ORDERED that request for fees and costs be DENIED.

New Orleans, Louisiana, this 6th day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[54] *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015) (internal quotations and citations omitted).
[55] *Riverbend Env't Servs., LLC v. Crum & Forster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023).
[56] *See Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault.
[57] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc., No.* 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).